MEMORANDUM **
Joe Castilleja appeals from the 24-month sentence imposed following revocation of the supervised release term he was serving following a guilty-plea conviction to being an accessory after the fact to murder. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Castilleja contends that the district court proeedurally erred by imposing a sentence at the statutory maximum, well above the advisory Guidelines range, without affording him the right of allocution and by not discussing the applicable statutory sentencing factors under 18 U.S.C. §§ 3553(a) and 3583(e). Castilleja also contends that his sentence is substantively unreasonable.
The record reflects that when given the opportunity to speak on his own behalf, Castilleja declined to do so. The district court did not err, as there is no indication that Castilleja was denied the opportunity to speak in mitigation of the sentence, nor did he request to do so. Cf. Boardman v. Estelle, 957 F.2d 1523, 1529-30 (9th Cir.1992). Furthermore, the record reflects that the district court’s explanation for imposing the sentence was sufficient. See United States v. Simtob, 485 F.3d 1058, 1062-63 (9th Cir.2007); cf. United States v. Hammons, 558 F.3d 1100, 1104-05 (9th Cir.2009). Finally, the record indicates that the district court did not proeedurally err, and that the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); see also United States v. Carty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.