**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30219 |
| Plaintiff - Appellee, | D.C. No. 1:07-CR-00125-JDS-1 |
| v. | |
| ROBERT JEAN STOLTZ, Jr., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK, [**]
Chief District Judge.

Appellant Robert Stoltz, Jr., (Stoltz) challenges the sentence imposed

following his guilty plea to making false statements to a federally insured financial

institution pursuant to 18 U.S.C. § 1014.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Robert S. Lasnik, United States Chief District Judge
for the Western District of Washington, sitting by designation.

**1.** Any technical error committed by the district court in not strictly complying with Rule 32(e)(2) and (g) was harmless. *See United States v. Turner*, 898 F.2d 705, 713-14 (9th Cir. 1990) (concluding that any error committed under 18 U.S.C. § 3552, which contains a provision nearly identical to Rule 32(e)(2), was harmless in the absence of any prejudice). Stoltz did not suffer any prejudice by receiving the Revised Presentence Report (PSR) and Addendum only five days before the initial sentencing hearing. The district court continued the sentencing hearing for one week to allow Stoltz to review the amended report. Stoltz has never indicated, either before the district court or in his briefing on appeal, how additional time would have resulted in a different sentence.

**2.** Under either a *de novo* or plain error standard of review, the district court did not err in failing to resolve some of Stoltz's PSR objections. At the initial sentencing hearing, the district court rejected Stoltz's argument that the six-level enhancement set forth under U.S.S.G. § 2B1.1(b)(1)(D) should not apply. The district court also resolved a factual dispute in Stoltz's favor at the continued sentencing hearing and awarded a two-point decrease for acceptance of responsibility. The only factual disputes that the district court did not expressly resolve pertained to information contained in the "Ability To Pay" section of the

revised PSR. Because these factual disputes did not "affect the temporal term of the sentence the district court impose[d]," *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007)*,* there was no error in failing to resolve them*.*

**3.** Because Stoltz did not object to the district court's alleged failure to adequately explain the reasons for his sentence, we "apply plain error review." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (citation omitted). The record reflects that the district court's explanation of Stoltz's sentence was "sufficient[] to permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Specifically, the district court "considered the evidence and arguments [proffered by Stoltz] and based its sentence on an analysis of the advisory Guidelines range and the provisions of 18 U.S.C. § 3553(a)." *United States v. Stoterau*, 524 F.3d 988, 1000 (9th Cir. 2008) (citation omitted). Accordingly, Stoltz has failed to establish that his substantial rights were affected.

**4.** The district court did not abuse its discretion in denying Stoltz's motion for appointment of a psychologist pursuant to 18 U.S.C. § 3006A(e)(1). A district court commits an abuse of discretion in denying a request for an expert under §

3006A(e)(1) only where "(1) reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) the defendant was prejudiced by the lack of expert assistance." *United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005) (citation and internal quotation marks omitted). "The prejudice cannot be merely speculative; it must be demonstrated by clear and convincing evidence." *United States v. Chase*, 499 F.3d 1061, 1068 (9th Cir. 2007) (citation omitted). Stoltz has failed to meet this standard.

**AFFIRMED.**