**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50605 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03094-LAB |
| v. | |
| RICARDO MORGUTIA, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Ricardo Morgutia, Jr., appeals from the twelve-month sentence imposed

upon revocation of supervised release.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

Morgutia contends that the district court committed plain procedural error by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relying on a sentencing factor not permissibly considered upon revocation of supervised release, failing to calculate his Guidelines range, and failing to consider the applicable factors set forth at 18 U.S.C. § 3553(a). The record indicates that the district court did not rely on impermissible sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("[A]t a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust[.]'").

In addition, Morgutia has not shown that the district court's failure to expressly calculate the Guidelines range affected Morgutia's substantial rights. Defense counsel accurately told the court that the Guidelines range was four to ten months, the government did not dispute it, and the court said that it was departing upward from this range, all of which demonstrate that the court consciously considered the proper Guidelines during the sentencing process. *Cf. United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009) (substantial rights affected where court did not calculate Guidelines range and probation report included incorrect criminal history category); *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (failure to calculate Guidelines range was reversible plain error in combination with other procedural errors). Moreover, under the circumstances, the court sufficiently explained its reasons for the sentence it imposed. *See United*

*States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *cf. Hammons*, 558

F.3d at 1104 (reversing where court provided no explanation for sentence);

*Waknine*, 543 F.3d at 554 (same).

**AFFIRMED.**