FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30300 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00032-SEH |
| v. | |
| ANNA REA YELLOW OWL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Anna Rea Yellow Owl appeals from the 50-month within-Guidelines

sentence imposed following her guilty-plea conviction for distribution of cocaine

in a public housing facility, in violation of 21 U.S.C. §§ 841(a)(1) and 860. We

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Although Yellow Owl challenges only the substantive reasonableness of her sentence on appeal, we "must review sentencing decisions for procedural error, even where no claim of procedural error is raised." *United States v. Ressam*, 593 F.3d 1095, 1116 (9th Cir. 2010).

A district court procedurally errs when it fails to calculate or calculates incorrectly the Guidelines range. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Here, the record indicates that the district court stated at sentencing that the Guidelines range was 41 to 52 months, when the correct Guidelines range was 41 to 51 months. Although the government contends that this was a mere misstatement, because we cannot tell from the record whether the district court relied on this incorrect range in selecting the 50-month sentence, we vacate for resentencing. *See United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009).

Because we remand to the district court based on procedural error, we do not address the substantive reasonableness of the district court's sentence. However, we note that, on remand, the district court should directly address Yellow Owl's mitigating arguments, including that her mother died of alcohol abuse when she was a young child and that she was removed from her aunt's care due to abuse, and that she persevered in obtaining an education and providing for her children. *See*

*Carty*, 520 F.3d at 992-93 ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position.").

**VACATED AND REMANDED.**