FILED

DEC 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50099 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-01129-VBF |
| v. | |
| JUAN MANUEL IBARRA-HERNANDEZ, a.k.a. Richard Contraras, a.k.a. Richard Contreas, a.k.a. Hignicio Ibarra, a.k.a. Mozart Ibarra, a.k.a. Juan Manuel Ybarra, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted December 19, 2011**

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Juan Manual Ibarra-Hernandez appeals from the 21-month sentence imposed

upon revocation of supervised release. We have jurisdiction under 28 U.S.C.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Ibarra-Hernandez first contends that the district court procedurally erred by refusing to consider his pending illegal reentry charge and by failing to explain why it rejected his mitigating arguments. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. The district court considered all of Ibarra-Hernandez's mitigating arguments and adequately explained why it did not find them persuasive. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Ibarra-Hernandez also contends that his sentence is substantively unreasonable. The record reflects that the bottom-of-the-Guideline sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3583(e). *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**