**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10194 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00089-PMP |
| v. | |
| ANGEL OLVIDIO ESCOBAR SABALLOS, a.k.a. Angel Ovido Escobar, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Angel Olvidio Escobar Saballos appeals from the district court's judgment

and challenges the 120-month sentence imposed following his guilty-plea

conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 846; and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Escobar Saballos contends, and the government agrees, that the district court procedurally erred by miscalculating his base offense level.  We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find no grounds for reversal.  The error had no effect on Escobar Saballos's substantial rights because the district court imposed the statutory mandatory minimum sentence.  *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Escobar Saballos also contends that the district court erred by assigning him two criminal history points under U.S.S.G. § 4A1.1(d).  We review for plain error, *see Hammons*, 558 F.3d at 1103, and find none.  The district court appropriately relied on the presentence report's undisputed statement regarding the expiration date of Escobar Saballos's state probation term in calculating his criminal history. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc).

Finally, Escobar Saballos contends that trial counsel was ineffective for failing to object to the Guidelines calculations and for failing to move for

12-10194

retroactive termination of probation. We decline to address these contentions on direct appeal. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

**AFFIRMED.**