# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

KELLY HAMMONS,
    *Defendant-Appellant.*

No. 08-50329

D.C. No.
2:08-cr-00280-
SVW-1

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
December 12, 2008—Pasadena, California

Filed March 11, 2009

Before: Harry Pregerson and Dorothy W. Nelson,
Circuit Judges, and James K. Singleton,*
Senior District Judge.

Opinion by Judge Pregerson

---

*The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

## COUNSEL

Sean K. Kennedy, and Michael Tanaka, Federal Public Defender's Office, Los Angeles, California, for the defendant-appellant.

Thomas P. O'Brien, Robb Adkins, and Ashleigh E. Aiken, Central District of California United States Attorney's Office, Santa Ana, California, for the plaintiff-appellee.

## OPINION

PREGERSON, Circuit Judge:

The district court sentenced Kelly Hammons to ten months in prison upon revoking his supervised release. On appeal, Hammons argues: (1) that the district court committed plain error by failing to state any reasons for its decision to sentence Hammons to ten months in prison; and (2) that the district court committed plain error by failing to calculate the

appropriate guideline range and by relying upon an incorrectly calculated Criminal History Category. We have jurisdiction under 28 U.S.C. § 1291. We vacate the ten month sentence and remand for resentencing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Hammons was convicted of conspiracy to possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 846. The United States District Court for the Southern District of Alabama sentenced Hammons to 144 months of imprisonment, followed by five years of supervised release. On January 21, 2006, Hammons was released from prison and began serving his five year term of supervised release.

On February 22, 2008, Hammons was convicted in Los Angeles Superior Court of violating California Vehicle Code Section 23152(B): Driving Under the Influence of Alcohol. On March 6, 2008, the Southern District of Alabama transferred jurisdiction for Hammons's supervision to the Central District of California. On April 4, 2008, the United States Probation Office ("Probation Office") filed a petition in the district court alleging that Hammons had violated the conditions of his supervised release by committing a federal, state, or local crime—i.e., driving under the influence.[1]

On April 15, 2008, the Probation Office prepared a Violation Report. In the Violation Report, the Probation Office did not recommend that the district court impose a term of impris-

---

[1]The Probation Office also alleged that Hammons had violated the conditions of his supervised release by failing to show up for a drug test and by testing positive for alcohol use. Hammons denied these allegations and they were ultimately dismissed by the government. The district court stated that these allegations were not "the subject of the sentence" and are not at issue in this appeal. The government's suggestion at oral argument that these dismissed allegations provide insight into the district court's sentencing decision is troubling.

onment. Rather, the Probation Office recommended that Hammons be required to participate in a Residential Reentry Center program for up to 180 days. Additionally, the Probation Office incorrectly listed Hammons as having a Category III Criminal History rather than a Category II Criminal History. Accordingly, the Violation Report incorrectly calculated the appropriate guideline range for Hammons's violation as five to eleven months.[2]

On May 12, 2008, Hammons appeared before the district court at a revocation hearing and admitted to violating the terms of his supervised release by driving under the influence. Sentencing was continued until July 7, 2008. On July 1, 2008, the Probation Office filed a Supplemental Report alleging that Hammons tested positive for alcohol on June 21, 2008.[3] In the Supplemental Report, the Probation Office again recommended that Hammons not be imprisoned but instead be required to participate in a Residential Reentry Center program.

On July 7, 2008, Hammons appeared before the district court for sentencing. During the continued revocation hearing, Hammons's counsel detailed for the court Hammons's efforts at rehabilitation, including Alcoholic Anonymous classes, a drug treatment and rehabilitation program, a work-placement program, and volunteer work.

Next, the district court provided Hammons an opportunity to be heard. In particular, the district court asked three pointed questions regarding drinking and driving:

---

[2]Hammons's correct Criminal History Category was II and the correct guideline range for Hammons was four to ten months of imprisonment. U.S.S.G. § 7B1.4. The correct Criminal History Category was, however, included in the original Presentence Investigation Report ("PSR") filed with the district court.

[3]This allegation was also dismissed by the government and was not considered by the district court.

| THE COURT: | Do you wish to be heard Mr. Hammons? |
|---|---|
| THE DEFENDANT: | Yes, Your Honor. I would like to ask the court for mercy and a little lenience. I'm trying to move my life forward in a different direction so that I can better myself and better my family. |
| THE COURT: | How did you go about that exactly? Do you think driving under the influence [of] alcohol is helping you move your life forward? |
| THE DEFENDANT: | No, Your Honor. I never said driving under the influence was helping me. Actually I learned a lot for the class. I'm actually not drinking now — |
| THE COURT: | Have you learned that you shouldn't be driving under the influence of alcohol? |
| THE DEFENDANT: | Well, Your Honor, I've learned what alcohol does to the body, and what the human being — |
| THE COURT: | You know all of that. You've been drinking a long time, haven't you? |
| THE DEFENDANT: | Well, you know, Your Honor, I've seen some hor- |

> rific things going to these classes, and it woke me up in a lot of ways.

THE COURT: Any legal cause why sentence should not be imposed?

The district court then found that Hammons violated the terms of his supervised release and sentenced him to ten months imprisonment. The district court did not give any reasons for imposing a ten month sentence, nor did the district court calculate the guideline range. Moreover, the district court did not address any of the relevant sentencing factors set forth in 18 U.S.C. § 3583 and 18 U.S.C. § 3553. Finally, though not required to do so, the district court did not address the Probation Office's recommendation that Hammons not be imprisoned and instead be required to "reside at and participate in a Residential Reentry Center (RRC) program."

Hammons did not object to the sentence imposed. Hammons also failed to object to the incorrect Criminal History Category III stated in the Probation Office's Violation Report.

## II. STANDARD OF REVIEW

We review de novo whether the district court provided an adequate statement of reasons for the sentence it imposed. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006) (citing *United States v. Duran*, 37 F.3d 557, 560 (9th Cir. 1994)). In the context of sentencing upon revocation of supervised release, we review the sentence imposed under the *Booker* reasonableness standard. *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007); *Miqbel*, 444 F.3d at 1176 n.5.

When a defendant does not raise an objection to his sentence before the district court, we apply plain error review. *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008).

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.' " *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If these three conditions are met, the court may then exercise its discretion to grant relief if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## III. DISCUSSION

### A. The District Court's Failure to Give Any Reasons for the Sentence Imposed Constituted Plain Error

#### 1. Applicable Sentencing Factors

**[1]** Revocation of supervised release is governed by 18 U.S.C. § 3583. Under § 3583, the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). In particular, § 3583(e) requires that the court consider the sentencing factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

**[2]** 18 U.S.C. § 3553 states that "[t]he court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2)" 18 U.S.C. § 3553(a) (emphasis added). Section 3553(a)(1) requires the court to consider "nature and circumstances of the offense and the history and characteristics of the defendant." The court must also consider the need for the sentence imposed:

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553(a)(2). The court must also consider, but is not bound by, the applicable sentencing range as set forth in the guidelines. 18 U.S.C. § 3553(a)(4).

**[3]** The district court, however, is not to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see Miqbel*, 444 F.3d at 1181-82 (stating that § 3583 "specifically omits, however, § 3553(a)(2)(A)"). This means that "at a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation." *Id.* at 1182; *see also Simtob*, 485 F.3d at 1063 (stating that the district court "may not impose a revocation sentence *solely*, or even primarily, based on the new criminal offense underlying the revocation") (emphasis in original).

### 2. The District Court Failed to Provide Any Reasons for Hammons's Sentence

**[4]** Under 18 U.S.C. § 3553(c), a district court is required to explain the reasons for imposing a particular sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("Once the sentence is selected, the district court must explain it sufficiently to permit meaningful appellate review."); *Miqbel*, 444 F.3d at 1177 n.7 (applying the requirements of § 3553(c) to the revocation of supervised release under 18 U.S.C. § 3583). Although such explanation should come from the district court, "adequate explanation in some cases may also be inferred from the PSR or the record as a whole." *Carty*, 520 F.3d at 992. We have stated that:

a sufficient explanation will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines, and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range. A within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a).

*Id.*

**[5]** In this case, the district court offered no explanation for imposing a ten month sentence upon Hammons. The district court did not discuss the applicable guideline range, nor did the district court address any of the applicable sentencing factors set forth in § 3553 and § 3583. Rather, the district court merely stated that he was sentencing Hammons to ten months of imprisonment. Indeed, the only statement the district court made regarding its decision was that "I don't give sentences without careful consideration. That's the sentence."

**[6]** The government argues that the district court's reasons are clear from the record and the revocation hearing transcript. In particular, the government asserts that the reasons for imposing the sentence can be inferred from the three questions the district court asked Hammons regarding his drunk driving conviction. This argument fails because the three pointed questions the district court asked Hammons provide little, if any, insight regarding the reasons for imposing a ten month sentence.

**[7]** Furthermore, the reasons for the ten month sentence cannot be inferred from the Probation Office's Violation Report because the reasons in the Violation Report support a sentence of up to 180 days in a Residential Reentry Center.

Such a sentence was rejected by the district court. Accordingly, we cannot say that the reasons for such a sentence are "implicit" from the record as a whole. *See Carty*, 520 F.3d at 992.

**[8]** In *United States v. Waknine*, this court recently held that a district court's failure to consider the 18 U.S.C. § 3553(a) sentencing factors before imposing a within-guideline range sentence constituted plain error. 543 F.3d at 554 (citing *Gall v. United States*, ___ U.S. ___, 128 S. Ct. 586, 596-97 (2007)). In *Waknine*, the "error was patent insofar as the district court gave no reasons in reference to the § 3553(a) factors before imposing the sentence." *Id.* There was "no contemporaneous announcement of the calculated Guidelines range or satisfaction of the requirement that the sentence be reconciled for reasonableness in light of the § 3553(a) factors." *Id.* Accordingly, we stated that:

> [a]lthough it is a close question whether Waknine can satisfy the third prong of the plain error test, we conclude that the district court's total failure to announce its calculated Guidelines range to the parties and to consider expressly the § 3553(a) factors *is such a serious departure from established procedures that we will not reject the appeal because of the prejudice prong of plain error review*.

*Id.* at 554 (emphasis added). "Given the flagrant nature of the district court's error," which seriously affects the public reputation of judicial proceedings, this court exercised its "discretion to notice the forfeited error," and vacated Waknine's sentence and remanded for resentencing. *Id.* at 555.

**[9]** *Waknine* controls here. Indeed, the district court's failure to follow "established procedures" in this case was arguably even more flagrant than in *Waknine*. First, whereas Waknine was sentenced before the Supreme Court's decision in *Gall* and our *en banc* decision in *Carty*, Hammons was sen-

tenced in July 2008, well after both decisions had been published. Accordingly, the district court should have been aware of the requirement that it consider the § 3553(a) sentencing factors and state on the record the reasons for imposing Hammons's ten month sentence. Second, the district court in *Waknine* announced that "it was sentencing at the mid-point of the Guidelines range, viewing the criminal history as I." 543 F.3d at 544. Although insufficient to satisfy the requirements of § 3553(c), this statement at least provided "the district court's basic reasoning." *Id.* Here, the district court failed to provide any guidance with respect to its sentencing decision. Rather, the district court merely stated that it does not "give sentences without careful consideration." As in *Waknine*, the flagrant nature of the district court's error alone is sufficient to establish plain error.

B. *The District Court's Reliance on an Improper Guideline Range and Failure to Calculate the Appropriate Guideline Range Constituted Plain Error*

The district court's failure to calculate the appropriate guideline range and its reliance on an incorrect Criminal History Category calculation also constituted plain error.

[10] "All sentencing proceedings are to begin by determining the applicable Guidelines range." *Carty*, 520 F.3d at 991. The "range must be calculated correctly" and "[i]t would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range." *Id.* at 991, 993. Here, it is undisputed that the district court did not calculate the guideline range and that the Probation Office's Violation Report contained the wrong Criminal History Category.

[11] Although both of these errors clearly satisfy the first two prongs of the plain error analysis, whether these two errors "affect[ ] substantial rights" is a closer question. The government argues that the district court's failure to calculate the appropriate guideline range does not constitute plain error

and did not affect substantial rights because the ultimate sentence (ten months) was within the correct guideline range (four to ten months). This argument fails.

**[12]** While it is true that the ultimate sentence fell within the appropriate range, it is unclear whether the district court intended to sentence Hammons to the high-end of the guideline range, or one month below the high-end of the guideline range. Without discussing the appropriate guideline range on the record, as required by Ninth Circuit precedent, it is difficult to discern the district court's intentions. The incorrect Criminal History Category could easily have affected Hammons's substantial rights and led the district court to impose an additional one month of imprisonment.

**[13]** Accordingly, we hold that these errors affected substantial rights and constituted plain error. Moreover, when viewed in combination with the district court's complete failure to address the appropriate sentencing factors set forth in § 3553 and § 3583, it is clear that these errors " 'seriously affect the . . . public reputation of judicial proceedings.' " *Waknine*, 543 F.3d at 555 (quoting *Johnson,* 520 U.S. at 467).

## IV.   CONCLUSION

For the foregoing reasons, we hold: (1) that the district court committed plain error by failing to discuss any of the applicable sentencing factors; and (2) that the district court committed plain error by failing to calculate the appropriate guideline range and by relying upon an incorrect Criminal History Category calculation.

We **VACATE** Hammons's sentence and **REMAND** to the district court for resentencing. The mandate shall issue forthwith.

**VACATED AND REMANDED**