**NOT FOR PUBLICATION**

FILED

OCT 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50483 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01243-MMA |
| v. | |
| ELIAS TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Elias Torres appeals from the 57-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torres contends that his sentence is substantively unreasonable due to the staleness of his prior felony conviction that triggered a 16-level enhancement under U.S.S.G. §2L1.2(b)(1)(A). We review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). The district court did not plainly err, as the record reflects that it considered Torres' argument in this regard, and accounted for the age of the prior conviction by reducing his criminal history category from VI to V, and by granting a two-level downward departure based on a combination of factors. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054-56 (9th Cir. 2009). The sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**