**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10515 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01299-GMS-1 |
| v. | |
| JOSE LUIS PITA-MOTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 19, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Defendant Jose Luis Pita-Mota appeals the district court's revocation of his

supervised release and the sentence of 18 months' imprisonment. Reviewing for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

plain error the adequacy of the district court's explanation at sentencing, United States v. Hammons, 558 F.3d 1100, 1103 (9th Cir. 2009), we affirm.

Even assuming that the district court erred by failing to give a more detailed explanation of the relevant 18 U.S.C. § 3553 factors and by failing to respond specifically to Defendant's argument concerning a concurrent sentence, Defendant has not "demonstrated a reasonable probability that he would have received a different sentence" had the district court not erred. United States v. Waknine, 543 F.3d 546, 554 (9th Cir. 2008). The district court's errors here, if any, are a much less "serious departure from established procedures" than were the district court's errors in Waknine, in which we held that prejudice was a "close question." Id. Unlike in Waknine and Hammons, an explanation for the sentence can be surmised from the district court's discussion of the § 3553(a) factors earlier in the same sentencing hearing. The district court imposed a sentence at the bottom end of the correctly calculated Guidelines range. In these circumstances, we find no reasonable probability that Defendant would have received a different sentence had the district court not erred.

**AFFIRMED.**