

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50440 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00552-R-1 |
| v. | |
| ROGELIO RUIZ ALONSO, AKA Alejandro Ruiz, AKA Saul Alonzo Ruiz, AKA Pio Saul Saldivar, AKA Alonso Ruiz Sam, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50441 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00850-R-1 |
| v. | |
| ROGELIO RUIZ ALONSO, AKA Alejandro Ruiz, AKA Saul Alonzo Ruiz, AKA Pio Saul Saldivar, AKA Alonso Ruiz Sam, | |
| Defendant - Appellant. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 8, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Defendant Rogelio Ruiz Alonso appeals his conviction and sentence for illegal reentry and violation of supervised release, based on a Rule 11(c)(1)(C) plea agreement. We vacate Alonso's guilty plea and sentence and remand his case.

The Waiver of Appeal of Conviction in the plea agreement does not bar an appeal challenging the voluntariness of the plea. Alonso's claim that the district court violated Federal Rule of Criminal Procedure 11(c)(5) by rejecting the agreement and failing to give him an opportunity to withdraw his plea implicates the plea's voluntariness and is not waived.[1]

Because Alonso raises his Rule 11 challenge for the first time on appeal, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

---

[1] The government concedes that the district court committed procedural error in imposing the sentence for the supervised-release violation. Specifically, the district court failed to calculate the Guidelines range, mention the applicable § 3553(a) factors, or explain its sentence of 12 months' imprisonment. The parties agree that such errors warrant vacatur and remand, independent of the voluntariness of the plea. *See United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009).

2

Alonso must show not only that the district court erred, but also a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

The district court erred in failing to advise Alonso that it was rejecting the plea agreement, as Rule 11(c)(5) requires. It sentenced Alonso to twelve months for violation of his supervised release, consecutive to the 64-month sentence for the new illegal reentry. In doing so, the district court effectively rejected the plea agreement, which stipulated to a 64-month sentence for the illegal reentry and no additional prison time for the supervised-release violation.

The government does not dispute that it agreed to recommend no additional time for the supervised-release violation (and did so recommend during the plea colloquy). It argues, however, that the recommendation did not bind the district court because the 11(c)(1)(C) stipulation covered only the agreement with respect to the illegal reentry. The plea agreement's structure reveals the weakness of the government's proposed interpretation. The second paragraph of the document, bearing the heading "Rule 11(c)(1)(C) Agreement," states, "Defendant understands that *this agreement* is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)." (Emphasis added.) In the immediately subsequent section, the defendant agrees to admit to the supervised-release violation. In exchange, the

3

government agrees to recommend no additional prison time in connection with that violation.

The most natural reading of the document is that Rule 11(c)(1)(C) was intended to cover everything in the agreement, which included Alonso's agreement to admit Allegation 1 of the supervised-release violation in exchange for the government's recommendation of no additional prison time. The Rule 11(c)(1)(C) stipulation appears at the beginning of the plea agreement and does not distinguish between the illegal-reentry case and the supervised-release case. Because the district court rejected the 11(c)(1)(C) agreement, Rule 11(c)(5) required it to inform the parties that it was doing so and to offer Alonso an opportunity to withdraw his plea. We hold that the district court erred in failing to do so.

We also hold that the district court's error was plain. Alonso has shown a reasonable probability that, had the district court advised him of its intention to reject the terms of the agreement, he would not have entered this particular plea bargain. *See Dominguez Benitez*, 542 U.S. at 76. Had he known that the district court intended to impose prison time for the supervised-release violation, beyond the stipulated 64 months for the illegal reentry, it is reasonably probable that Alonso would have withdrawn his guilty plea and sought to negotiate a different

agreement that took into account the additional time for the supervised-release violation.

We therefore vacate Alonso's conviction and sentence as to both the illegal reentry and the supervised-release violation, because the district court's failure to comply with Rule 11(c)(5) rendered his guilty plea involuntary.

**VACATED and REMANDED.**