FILED

JUN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50557 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01136-BEN |
| v. | |
| ERIK NAMBO-MILAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Erik Nambo-Milan appeals from the district court's judgment and challenges the 18-month sentence and 18-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nambo-Milan contends that the district court erred by relying on improper factors in making its sentencing decision. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. The record reflects that the district court properly considered the sentencing factors specified in 18 U.S.C. § 3583 and did not impose the sentence on the basis of any improper factor. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007); *see also* U.S.S.G. § 5D1.1 cmt. n.5 (court should consider imposing term of supervised release on a deportable alien if the court determines that doing so would provide an added measure of deterrence).

Nambo-Milan also contends that the district court imposed a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Nambo-Milan's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence, including the supervised release term, is substantively reasonable in light of the section 3583 sentencing factors and the totality of the circumstances, including Nambo-Milan's breach of trust, his immigration history, and the need to deter. *See Simtob*, 485 F.3d at 1062-63; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

The government's motion for judicial notice is granted.

**AFFIRMED.**