**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30342 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00122-WFN |
| v. | |
| STANLEY JOSEPH SQUETIMKIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Stanley Joseph Squetimkin appeals from the district court's judgment and

challenges the 20-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Squetimkin contends that the district court procedurally erred by failing to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indicate which of the six alleged violations it found him to have committed and why it did not impose a lesser sentence. He argues that these failures caused the sentencing explanation to be so inadequate as to impede appellate review. Because Squetimkin did not raise this objection in the district court, we review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). We find none. The record reflects that the district court found that Squetimkin committed all six alleged violations and provided a reasoned explanation for the sentence that was sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Squetimkin also contends that the district court imposed a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Squetimkin's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Squetimkin's history on supervision and the need to protect the public. *See id.*

**AFFIRMED.**