**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10102 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-50016-ROS |
| v. | |
| STEPHEN O'NEAL WASHINGTON, Jr., a.k.a. Steven O'Neal Washington, Jr., a.k.a. Steven O'Neal Washington, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Howard D. McKibben, District Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Stephen O'neal Washington, Jr., appeals from the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

revoking supervised release and challenges the 10-month custodial sentence, 36-month term of supervised release, and a special condition of supervised release imposed upon revocation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

Washington contends that the district court erred by failing to explain the sentence adequately and to address his nonfrivolous arguments for a non-Guidelines sentence. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole).

Washington also challenges a special condition of supervised release. His challenge is only to the written order, which prohibits him "from making major purchases, incurring new financial obligations, or entering into financial contracts without the prior approval of the probation officer." Washington argues that this condition is unconstitutionally vague and insufficiently related to the 18 U.S.C. § 3583(d) sentencing factors. Because it is not clear from the order which transactions are subject to the condition, the condition is impermissibly vague. *See United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (conditions of supervised release must be "sufficiently clear to inform [defendant] of what

2

conduct will result in his being returned to prison"). We, therefore, vacate special supervised release condition #4. We remand for the district court to reenter judgment without this condition or to hold a resentencing at which the court may reimpose the condition more narrowly. If the court reimposes the condition, it shall state with greater particularity which purchases, financial obligations, and financial contracts are covered by the condition and why the condition is necessary in this case.

**AFFIRMED in part; VACATED in part; and REMANDED.**