**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50246 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00251-GT |
| v. | |
| PEDRO DE LA ROSA-SOTO, a.k.a. Guadalupe Delarosa, a.k.a. Emmanuel Infante Delarosa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Pedro De La Rosa-Soto appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

De La Rosa-Soto contends that the district court procedurally erred by failing to calculate the applicable Guidelines range. It is plain error for a district court to fail to calculate the Guidelines range. *See United States v. Hammons*, 558 F.3d 1100, 1105 (9th Cir. 2009). Nevertheless, the record reflects that the district court was aware of the undisputed Guidelines range. Accordingly, any error by the district court was harmless and did not affect De La Rosa-Soto's substantial rights. *See* Fed. R. Crim. P. 52(a).

De La Rosa-Soto also contends that his sentence is substantively unreasonable in light of victimless nature of his supervised release violation. The district court did not abuse its discretion in imposing De La Rosa-Soto's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the top end of the undisputed Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("A violator who, after committing an offense and being placed on supervised release for that offense, again commits a similar offense is not only more likely to continue on that path, but also has demonstrated to the court that the violator has little respect for its command.").

**AFFIRMED.**