FILED

NOT FOR PUBLICATION

SEP 01 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30000 |
| Plaintiff - Appellee, | D.C. No. 1:93-cr-00043-SPW |
| v. | |
| WILLIAM LAMBERT, Jr., a.k.a. Duta, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

William Lambert, Jr., appeals from the district court's judgment and challenges the 24-month term of supervised release imposed as part of his sentence following the revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lambert contends that the district court procedurally erred by considering impermissible sentencing factors. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. Lambert has failed to show that any error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

Lambert also contends that the 24-month term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing Lambert's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Lambert's repeated breaches of the court's trust and his history of substance abuse. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**