**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30310 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-02002-LRS-1 |
| v. | |
| NATHAN LYNN CLOUD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted July 12, 2018
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and RAKOFF,** Senior District Judge.

Nathan Cloud, an enrolled member of the Yakama Nation, appeals his conviction for being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

1.  The district court properly denied Cloud's suppression motion.  Cloud argues that Yakima County Sheriff's deputies arrested him in violation of Washington State law, making evidence obtained in the incident search inadmissible in federal court.  *See United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000).  But Cloud has not shown the illegality of his arrest under either of his two proposed theories.

First, Cloud's arrest was not unlawful because of the deputies' alleged failure to confirm the existence of Cloud's outstanding arrest warrant prior to his arrest.[1]  Cloud concedes that the warrant was valid, and the record shows that Deputy McIlrath confirmed the warrant's existence on the morning of the arrest using the Spillman database.  Cloud has not pointed us to authority suggesting that more is required.  *Cf.* Rev. Code. Wash. 10.31.030 (allowing an officer who "does not have the warrant in his or her possession at the time of arrest" to "declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement").

Second, the violation of the Memorandum of Understanding (MOU) between the County of Yakima and the Confederated Tribes and Bands of the

---

[1] Because Cloud did not raise this argument before the district court, we review for plain error, and can only reverse if the error was "plain, and . . . affects substantial rights." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

Yakama Nation does not entitle Cloud to the remedy of suppression. "State sovereignty does not end at a reservation's border," *Nevada v. Hicks*, 533 U.S. 353, 361 (2001), and Washington State retains the authority to enforce the conditions of Cloud's prior state criminal sentence on tribal land, *see State v. Cayenne*, 195 P.3d 521, 524 (Wash. 2008) (en banc). Moreover, Cloud cannot show that the Yakama Nation had "share[d] concurrent criminal jurisdiction" over the offense that would require a balancing of tribal sovereign interests under *State v. Clark*, 308 P.3d 590, 596 (Wash. 2013) (en banc) (holding that where a tribe and the state enjoy "shared criminal jurisdiction . . . the accommodation between [their] interests . . . take[s] a different form than the accommodation found in *Hicks*"). Cloud's arrest warrant was for a violation of a condition of community custody for a prior state conviction, a crime in which the Yakama Nation did not have any interest, much less jurisdiction.[2]

2. The district court did not clearly err by denying Cloud a two-level downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a);

---

[2] Our conclusion finds support in the MOU itself, which expressly states that "[n]othing in this memorandum shall be construed to cede any jurisdiction of either party, to modify the legal requirements for arrest or search and seizure, [or] to modify the legal rights of either party or of any person not a party to this memorandum[.]" This suggests that the MOU cannot be read as a formal "exercise[] [of tribal] sovereignty to regulate the State's ability to execute its process," as *Clark* would require if the Yakama Nation had concurrent jurisdiction. 308 P.3d at 597.

*United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006) (citation omitted).

Cloud is correct that even a defendant who takes his case to trial may receive the acceptance of responsibility downward adjustment. U.S.S.G. § 3E1.1(a), cmt. n.2; *United States v. Cortes*, 299 F.3d 1030, 1039 (9th Cir. 2002). But such a defendant will be entitled to the adjustment only in "rare situations." U.S.S.G. § 3E1.1(a), cmt. n.2. Here, Cloud repeatedly contested his factual guilt, and points only to a post-conviction statement at sentencing to show that he accepted responsibility for the offense. This "belated expression" of remorse, coming only after his conviction, is insufficient to justify overturning the district court's conclusion that he was not entitled to the downward adjustment. *See United States v. Restrepo*, 930 F.2d 705, 710-11 (9th Cir. 1991).

**AFFIRMED.**