**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 18-50108 |
| Plaintiff-Appellee, | 18-50109 |
| v. | D.C. Nos. 3:15-cr-00128-LAB |
| | 3:13-cr-02582-LAB |
| APOLINAR GUTIERREZ-HERNANDEZ, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief Judge, Presiding

Submitted March 12, 2019[**]

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Apolinar Gutierrez-Hernandez appeals from the district court's judgment and challenges the consecutive 18-month and 11-month sentences imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gutierrez-Hernandez contends that the district court procedurally erred by sentencing him based on the need to punish and to promote respect for the law, prohibited considerations in a revocation proceeding. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006). Reviewing de novo, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), we conclude that the district court did not err. The record demonstrates that the district court did not impose sentence solely or primarily based on improper factors. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

Gutierrez-Hernandez also contends that the aggregate 29-month sentence is substantively unreasonable because it is greater than necessary to sanction his breach of trust. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Gutierrez-Hernandez's numerous prior reentries into the United States and the failure of prior, shorter sentences to deter him. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-50108 & 18-50109