NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10170 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00236-GEB-1 |
| v. | |
| NELLI KESOYAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted June 11, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[**] District Judge.

Nelli Kesoyan challenges her sentence following her conviction for making

false entries in government records and conspiring to make false statements to

influence, obstruct, and impede a pending agency proceeding in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

U.S.C. §§ 371, 2073. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kesoyan contends that the district court erred in applying enhancements pursuant to U.S.S.G. §§ 2J1.2(b)(3) and 3B1.3 for obstruction of justice and abuse of a position of trust. We review a district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion. *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013). Because Kesoyan did not object below to the district court's application of the enhancement under § 3B1.3, we review that enhancement for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

The district court did not abuse its discretion in applying the obstruction of justice enhancement. The Sentencing Guidelines provides for a two-level enhancement for obstruction of justice if the offense "involved the selection of any essential or especially probative record . . . to destroy or alter[.]" U.S.S.G. § 2J1.2(b)(3)(B). In applying the enhancement, the district court relied on *United States v. Mathews*, 874 F.3d 698 (11th Cir. 2017), which it found both factually analogous and legally persuasive. We similarly find the case persuasive. In *Mathews*, the Eleventh Circuit held application of the enhancement was proper where a Veterans Affairs ("VA") hospital nurse falsified entries in a patient's medical chart that were essential "to the VA's investigation into the [p]atient's quality of care and would furnish, establish, or contribute toward proof (i.e., be

18-10170

especially probative) on that point." *Mathews*, 874 F.3d at 705 (original alterations and internal quotation omitted). Kesoyan similarly falsified records "in order to derail and deceive [an] investigation." *Id.*

Here, Kesoyan, a Social Security Administration ("Administration") claims-representative, submitted multiple letters which purported to be from the Administration supporting Vanik Movseseyan's naturalization application. In an effort to help Movsesyan have his naturalization claims resolved in Sacramento, which purportedly has a faster processing time than elsewhere in California, the letters falsely listed Movsesyan's address as one in Sacramento. Anticipating that United States Citizenship and Immigration Services ("USCIS") investigators would verify the Sacramento address, Kesoyan modified Administration records to corroborate the letters and thwart USCIS investigators from determining Movsesyan's true address.

Additionally, the district court did not plainly err in finding that Kesoyan's position at the Administration constituted a position of trust. For the abuse of public trust enhancement to apply, the defendant must occupy a position of trust and use that position to significantly facilitate the commission or concealment of a crime. U.S.S.G. § 3B1.3. A position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to

significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3, cmt. n.1; *see also United States v. Adebimpe*, 819 F.3d 1212, 1217 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 317 (2016).

Here, as a claims representative, Kesoyan acted with discretion in "adjudicat[ing] and authoriz[ing] entitlement or disallowance actions[,]" "develop[ing], investigat[ing], and resolv[ing] claims[,]" "conduct[ing] inquiries and or interviews to obtain, clarify, and verify information[,]" and "examin[ing] evidence to evaluate its validity and acceptability in establishing entitlement of benefits[.]" Given the amount of discretion inherent to Kesoyan's role, we cannot say application of the enhancement constituted error, let alone plain error.

**AFFIRMED.**