
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10162 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-02213-RCC-JR-1 |
| v. | |
| SERGIO SANCHEZ-OCHOA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted August 15, 2019[**]
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

Sanchez-Ochoa appeals the district court's judgment of conviction and

sentence for illegal reentry in violation of 8 U.S.C. § 1326. Because the parties are

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

familiar with the facts, we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err by denying Sanchez-Ochoa's motion for judgment of acquittal. As an initial matter, Sanchez-Ochoa's collateral attack pursuant to 8 U.S.C. § 1326(d) was untimely because he failed to challenge his underlying 2013 expedited removal order in a pre-trial motion to dismiss. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). Even if Sanchez-Ochoa's collateral attack were timely, he must demonstrate that the underlying expedited removal proceeding was fundamentally unfair, i.e., that the proceeding violated his due process rights and that he suffered prejudice as a result. *See United States v. Raya-Vaca*, 771 F.3d 1195, 1202, 1206 (9th Cir. 2014). Assuming without deciding that a due process violation occurred, to demonstrate prejudice Sanchez-Ochoa must show that "he had plausible grounds for relief" from removal. *Id.* at 1206. Given Sanchez-Ochoa's 2001 removal, his 2012 illegal reentry conviction, and his lengthy felony record, we conclude that he does not demonstrate plausible grounds for relief. *See United States v. Flores*, 901 F.3d 1150, 1162–63 (9th Cir. 2018).

2.     Sanchez-Ochoa also argues that the district court's return of the bench trial verdict in his absence violated the Sixth Amendment and Federal Rule of

2

Criminal Procedure 43(a). Because Sanchez-Ochoa did not object to the district court's verdict on these grounds, we review for plain error. "Plain error is (1) error, (2) that is plain, [] (3) that affects substantial rights," and that "[(4)]seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (internal quotation marks omitted). Even assuming that Sanchez-Ochoa demonstrates error that is plain, he does not show that any error affected his substantial rights. An error affects substantial rights if the defendant can demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Ornelas*, 906 F.3d 1138, 1143 (9th Cir. 2018) (internal quotation marks omitted). Here, the evidence shows that Sanchez-Ochoa committed illegal reentry in violation of § 1326, and he does not argue that his physical presence for the return of the verdict would have altered the outcome of the bench trial. We therefore conclude that the district court's return of the verdict in Sanchez-Ochoa's absence was not plain error.

3. Last, Sanchez-Ochoa argues that the district court erred by imposing a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)(B), which authorizes an eight-level enhancement if, after a defendant was ordered removed for the first time, the defendant engages in criminal conduct resulting in a felony conviction

3

(other than illegal reentry) for which the sentence was two years or greater. The district court imposed this enhancement because Sanchez-Ochoa was removed in 2001 and was subsequently convicted of felony possession of a firearm in 2003, which resulted in a forty-one month sentence. Sanchez-Ochoa argues that the imposition of this enhancement requires satisfaction of the clear and convincing standard, and that the 2001 deportation as alleged in the Pre-Sentence Report (PSR) was never charged or proven and therefore lacks factual proof.

The record shows that Sanchez-Ochoa objected to the eight-level enhancement because he thought the enhancement was premised on his allegedly invalid 2013 expedited removal order. But probation responded in a PSR addendum that the enhancement was based on Sanchez-Ochoa's 2001 removal and his 2003 felony conviction. Sanchez-Ochoa did not object to the facts of his 2001 removal or 2003 conviction, and absent objection, the district court was entitled to rely on these undisputed statements in the PSR. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005). Therefore, we conclude that the district court did not err by imposing the eight-level sentence enhancement.

**AFFIRMED.**