NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50202 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00965-L-1 |
| v. | |
| CARLOS EFREN AHEDO-AGUILAR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted June 1, 2020[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,[***]
District Judge.

Appellant Carlos Ahedo-Aguilar was arrested and convicted on a charge of

illegal re-entry, 8 U.S.C. § 1326. Appellant appeals the district court's decision to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

sentence him to eight months in custody followed by three years of supervised release. Appellant claims that the district court improperly calculated his criminal history score where it added criminal history points based on one of his prior convictions and a subsequent probation revocation. This calculation resulted in a higher sentencing range under the United States Sentencing Guidelines ("Sentencing Guidelines"). Additionally, Appellant asserts that the district court abused its discretion under the Sentencing Guidelines by imposing three years of supervised release when he is likely to be deported. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Reviewing the district court's sentencing decision for abuse of discretion, *United States v. Gasca-Ruiz,* 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc), we affirm.

I.     Appellant's challenge to the custodial sentence fails for lack of prejudice.

First, Appellant argues that his eight-month custodial sentence was the result of the district court's improper calculation of his criminal history category under §4A1.1 of the Sentencing Guidelines. Under the district court's calculation, Appellant fell under criminal history category III. Consequently, Appellant's Guidelines Range, based on the district court's calculation, was twenty-four to thirty months in custody. Appellant contends that this calculation is incorrect and proffers his own. Under Appellant's calculation, his Guidelines Range was

supposed to be between eight and fourteen months. Ultimately, the district court sentenced Appellant to eight months in custody.

Generally, "[a]ll sentencing proceedings are to begin by determining the applicable Guidelines range." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The Guidelines "range must be calculated correctly" and "[i]t would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range." *United States v. Hammons*, 558 F.3d 1100, 1105 (9th Cir. 2009) (alteration in original) (quoting *Carty*, 520 F.3d at 991, 993). However, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The sentencing process is unique for each defendant, "and a reviewing court must consider the facts and circumstances of the case before it." *Id.* (citing *United States v. Davila,* 133 S. Ct. 2139, 2149 (2013) ("Our essential point is that particular facts and circumstances matter.")).

Assuming, but not deciding, that the district court calculated Appellant's Guidelines Range incorrectly, the custodial sentence the district court issued fell at the low end of Appellant's own sentencing calculation. Furthermore, the particular facts of this case indicate that the custodial sentence was not a factor in the district court's decision to sentence Appellant to three years of supervised release.

19-50202

Appellant thus fails to show any prejudice suffered from the district court's Guidelines Range calculation. *Id*. Consequently, the challenge to Appellant's custodial term fails.

II. Appellant's challenge to the length of supervised release also fails.

Appellant contends that the district court abused its discretion in imposing three years of supervised release because the Sentencing Guidelines suggest that "[t]he court *ordinarily should not* impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c) (emphasis added). There is no dispute that Appellant is a deportable alien. Application Note 5 of the Sentencing Guidelines § 5D1.1 states that courts should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *See also United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

Here, the district court provided a particularized explanation justifying the imposition of supervised release when it listed Appellant's aggravating and mitigating factors at the sentencing hearing as required by 18 U.S.C. § 3553(c). The district court noted the length of Appellant's criminal history from 2002 to 2019 as an aggravating factor. Next, the district court noted that Appellant's

19-50202

criminal history was old, and Appellant appeared to have rehabilitated himself after his past violent crimes. Finally, the district court noted that, while Appellant's criminal history was old, he did attempt to illegally re-enter the United States numerous times. Ultimately, the district court decided that because of Appellant's attempts to re-enter the country illegally, the added safeguard of supervised release was necessary despite the suggestion of Sentencing Guideline § 5D1.1(c).

Lastly, it is well established that the Sentencing Guidelines are merely advisory. *See United States v. Booker*, 543 U.S. 220, 246 (2005). The district court was not bound by the suggestions of the Sentencing Guidelines as Appellant suggests. Consequently, Appellant's challenge to the imposition of supervised release fails.

**AFFIRMED**.