NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIA ISABEL PEREZ-AYALA,

Defendant - Appellant.

No. 23-4228

D.C. No.
3:23-cr-00449-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 3, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Maria Isabel Perez-Ayala appeals her convictions on two counts of

importation of controlled substances and on two counts of possession with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

intent to distribute those substances. After a jury found Perez-Ayala guilty on all four counts, the district court sentenced her to 66 months of imprisonment for each count, to run concurrently. Perez-Ayala timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Because Perez-Ayala did not object to the prosecutor's statements in rebuttal argument or to the district court's jury instructions, we review her present claims on these issues under the plain-error standard. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). "A plain error is (1) an error (2) that is plain, (3) that affects 'substantial rights,' and (4) that 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Hinkson*, 585 F.3d 1247, 1268 (9th Cir. 2009) (en banc) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)).

2. Perez-Ayala argues on appeal that the prosecutor's rebuttal argument mischaracterized the prosecutor's role in a criminal trial. In her rebuttal, the prosecutor stated: "My job is not to convict the defendant. My job is to present the evidence. . . . And the Government's job isn't to investigate and prove that the defendant did it. . . . Because we're all after the same thing here, the truth." Perez-Ayala contends that the prosecutor was "essentially stating" that the government would prosecute only those it knows to be guilty. But this interpretation of the prosecutor's argument is not "clear or obvious, rather than

subject to reasonable dispute." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). And this court does not "presume that the jury ascribed to [a prosecutor's argument] its most damaging meaning" when confronted with an ambiguous statement. *Hein v. Sullivan*, 601 F.3d 897, 916 (9th Cir. 2010).

The prosecutor also told the jury that "you and you alone decide whether or not the defendant is guilty or not guilty." And the district court instructed the jury after closing arguments that "[e]ach of you must decide the case for yourself, but you should do so only after you have considered all the evidence."

Even if the prosecutor's argument was improper, we "will not reverse a conviction [] unless the prosecutor's statements during closing argument are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Virgen-Mendoza*, 91 F.4th 1033, 1040 (9th Cir. 2024) (cleaned up). Perez-Ayala has not shown that "it is more probable than not" that the prosecutor's argument "materially affected the verdict." *See United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (citation and quotation marks omitted). In sum, the prosecutor's argument did not rise to the level of plain error.

3. Perez-Ayala also argues that the district court erred in its instructions to the jury about the jury's role in a criminal trial. Defense counsel argued that the

jury should "restrain the Government" and "keep it from convicting innocent citizens." When the prosecutor objected, the court stated that "[t]he duty of the jury is to make the determination based on the facts of this case and the law of this case as to the guilt or not guilt of the defendant in this case." The court then advised the jury that "[y]ou're not the safe-keepers between unrestrained government and something else. You're here to decide the facts in this case . . . and whether or not Ms. Perez-Ayala is guilty or not guilty."

Requiring "the Executive Branch to prove its charges to a unanimous jury beyond a reasonable doubt" is a "check[] on governmental power." *Erlinger v. United States*, 602 U.S. 821, 832 (2024). But even if the district court misstated the law, Perez-Ayala has not shown that the court's instructions prejudiced her. Any misconception concerning the jury's role was neutralized when the court gave the jury the proper instructions as to its duties.

4. Perez-Ayala next argues that the district court erred in its instructions to the jury on the government's burden of proof. Defense counsel told the jury during closing argument that "[r]easonable doubt is such a high standard that most of us will never have to apply it in our daily lives unless we sit as jurors in a criminal case." When the prosecutor objected, the court instructed the jury as follows:

> [T]he burden's always with the Government. It's beyond a reasonable doubt. Now, whether or not you'll apply that in your life is a little difficult, and I'm not really sure that's a good statement or way of expressing it, Counsel. So will you follow the instructions that I've

given you, members of the jury. But the application of that standard to a personal life is a hard one."

Defense counsel then analogized the burden to a scale that must "tilt[] all the way to the other side" to result in a conviction, which prompted another objection by the prosecutor. The court responded by reading the entire model jury instruction on reasonable doubt to the jury.

Even if the district court plainly misstated the law about how the reasonable-doubt standard might apply to daily life, which we need not decide, Perez-Ayala has not shown that these statements prejudiced her. Any potential error was neutralized when the court read the correct reasonable-doubt instruction to the jury. *See United States v. Medina Castaneda*, 511 F.3d 1246, 1249–50 (9th Cir. 2008).

5. Finally, Perez-Ayala argues that the errors alleged above had a cumulative prejudicial effect. But we assume that jurors listen to and follow the trial court's instructions. *United States v. Wells*, 879 F.3d 900, 937 (9th Cir. 2018). The court's repeated recitation of the model jury instructions sufficiently neutralized the likelihood that the jury's deliberations were materially affected by the combination of these alleged errors. *See United States v. Flores*, 802 F.3d 1028, 1040 (9th Cir. 2015) ("[I]n the context of the trial as a whole, it is unlikely that the jury was misled about the law or the facts.").

**AFFIRMED.**