**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10486 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-50127-GMS |
| v. | |
| ALY AZIZ CONTEH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Aly Aziz Conteh appeals from the district court's judgment and challenges

the 12-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Conteh contends that the district court procedurally erred by (1) violating Federal Rule of Criminal Procedure 32(i)(3) by failing to resolve an alleged factual dispute concerning his previous contacts with police, (2) improperly considering his state prison disciplinary infractions, and (3) failing to explain adequately the sentence. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. Assuming, without deciding, that Rule 32(i)(3) applies to revocation of supervised release proceedings, Conteh has failed to show that the disputed facts played any role in the district court's sentencing decision. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (Rule 32(i)(3)(B) "is limited to factual disputes which affect the temporal term of the sentence the district court imposes"). Further, any consideration of Conteh's state prison disciplinary infractions by the district court was not error. *See* 18 U.S.C. § 3553(a)(1) (district court shall consider defendant's history and characteristics at sentencing). The district court also sufficiently explained the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

14-10486