NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10460 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01400-SRB |
| v. | |
| PATRICK JOHN ROPE, a.k.a. Patrick Rope, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Patrick Rope appeals the 24-month sentence imposed upon revocation of

supervised release.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rope argues that the district court procedurally erred by failing to calculate

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the Guidelines range and to explain why it was imposing an above-Guidelines sentence. We review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). The district court erred when it failed to calculate the Guidelines range. *See id.* at 1105. The record reflects, however, that the court was aware of the Guidelines range and its explanation for the sentence was adequate. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc.) Thus, Rope has failed to show a reasonable probability that he would have received a different sentence absent the error. *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011). Moreover, the record does not support Rope's contention that the district court imposed the sentence to punish Rope's violation conduct or previous criminal acts.

Rope also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Rope's breach of the court's trust and the need to protect the public. *See id.; United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**