**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30215 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00326-JCC |
| v. | |
| ION DATCU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Ion Datcu appeals from the district court's judgment and challenges the 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Datcu contends that the district court procedurally erred by failing to explain

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

adequately the sentence. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and find none. The court did provide a rationale for the sentence, but in any event, Datcu has not shown a reasonable probability that he would have received a different sentence had the court explained in greater detail why it sentenced Datcu above the Sentencing Guidelines' policy statement range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Datcu also contends that his sentence is substantively unreasonable in light of his circumstances and because of the district court's allegedly undue emphasis on his criminal history. The district court did not abuse its discretion in imposing Datcu's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Datcu's multiple violations of supervised release and his breach of the court's trust. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

14-30215