**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50196 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00392-R |
| v. | |
| ROBERT ENRIQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Robert Enriquez appeals from the district court's judgment and challenges

the 12-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Enriquez first contends that the district court violated due process and Federal Rule of Criminal Procedure 32.1(b)(2) when it heard argument regarding unproven conduct. Because the record does not show that the allegations of unproven conduct were demonstrably made the basis for the sentence, we find no reversible error. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

Enriquez next contends that the district court procedurally erred by failing to calculate the Guidelines range and explain why it was imposing an above-Guidelines sentence. We review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). The district court erred when it failed to calculate the Guidelines range. *See id.* at 1105. However, the record reflects that the court was aware of the Guidelines range and its explanation of the sentence was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Thus, Enriquez has failed to show a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Moreover, the record does not support Enriquez's contention that the district court may have considered impermissible sentencing factors.

15-50196

Finally, Enriquez contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Enriquez's repeated breaches of the court's trust. *See Gall*, 522 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**