NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10186 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00162-JAM |
| v. | |
| ALEJANDRO CISNEROS ROMERO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 18, 2015**

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Alejandro Cisneros Romero appeals from the district court's judgment and

challenges the 204-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute and possess with intent to distribute methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we vacate and remand for resentencing.

The parties agree that the district court procedurally erred at sentencing by adopting a Guidelines range of 292-365 months, rather than the correctly calculated range of 262-327 months. The parties disagree as to whether this error affected Cisneros Romero's substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008) (to warrant relief under plain error standard, error must have affected substantial rights). The record reflects that the district court considered imposing the 180-month sentence recommended by probation but instead imposed the stipulated sentence of 204 months, in part because the negotiated sentence reflected "a significant variance" from the low end of what the court believed to be the Guidelines range. On this record, there is a reasonable probability that the district court would have imposed a lower sentence had it properly calculated the low end of the Guidelines range. *See id*. at 762; *see also United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009) (district court's reliance on an improper Guidelines range constitutes plain error). Accordingly, we vacate Cisneros Romero's sentence and remand for resentencing.

**VACATED and REMANDED for resentencing.**