**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian BOKKES, Defendant–Appellant.**

No. 14–50409.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Lawrence Elliot Kole, Esquire, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Jean–Claude Andre, Assistant U.S., Los Angeles, CA, for Plaintiff–Appellee.

Vicki Marolt Buchanan, Esquire, Sonoma, CA, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Brian Bokkes appeals from the district court's judgment and challenges the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bokkes contends that the district court procedurally erred by failing to consider the Guidelines range and the 18 U.S.C. § 3583(e) sentencing factors, instead imposing sentence based on the need to pun-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ish the conduct underlying the revocation, a prohibited consideration in a revocation sentencing. He also argues that the court failed to provide specific reasons for imposing an above-Guidelines sentence and to address his mitigating argument. We review for plain error. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 & n. 3 (9th Cir.2010). The district court erred when it failed to calculate the Guidelines range. *See United States v. Hammons,* 558 F.3d 1100, 1105 (9th Cir.2009). However, the record reflects that the district court was aware of the Guidelines range. Furthermore, the district court considered Bokkes's mitigating argument and the section 3583(e) sentencing factors, disavowed any reliance on the need to punish, and adequately explained the above-Guidelines sentence. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). On this record, Bokkes has failed to show a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008).

Bokkes also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 24–month sentence, six months above the high end of the Guidelines range, is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.