**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10023 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-08051-SRB-1 |
| v. | |
| KDB, Juvenile Male, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,[***] District Judge.

Defendant KDB appeals the 17-month sentence imposed by the district court

upon the third revocation of his supervised release. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

We review sentencing decisions for abuse of discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). But, "[w]hen a defendant does not raise an objection to his sentence before the district court," we review for plain error. United States v. Hammons, 558 F.3d 1100, 1103 (9th Cir. 2009). Because our decision would be the same under either standard, we need not decide which standard applies.

1. The district court did not fail to "state the specific reason for imposing a sentence that differs from the recommended range." United States v. Miqbel, 444 F.3d 1173, 1179 (9th Cir. 2006). Although the court did not specify the Guidelines range during the disposition hearing, the court and both parties discussed a probation report that set forth the correct revocation range of 3 to 9 months' imprisonment, and both parties advocated for sentences above that range. The court also gave specific reasons for not imposing a shorter sentence, principally Defendant's repeated failure to undergo court-ordered substance abuse treatment and his history of absconding while on supervised release.

2. Contrary to Defendant's argument, the district court did not impermissibly premise its sentencing decision "on a fact that had never been established: [Defendant's] continuing use of alcohol." See Carty, 520 F.3d at 993 (noting that it is procedural error "to choose a sentence based on clearly erroneous

facts").  At the disposition hearing, defense counsel repeatedly acknowledged Defendant's substance abuse problems.  And the record provides other ample support for finding that Defendant had ongoing substance abuse problems, including that each of his revocations of supervised release, as well as his initial revocation of pretrial release, involved substance abuse issues.

3.  Finally, the district court did not violate this court's directive "that the disposition imposed [be] the least restrictive means to accomplish a young person's rehabilitation, given the needs of the child and the community."  United States v. Juvenile, 347 F.3d 778, 787 (9th Cir. 2003).  Following Defendant's three previous revocations of release, the court imposed short custodial sentences followed by supervised release and substance abuse treatment programs, none of which was successful.  The court considered Defendant's history and the record before imposing a 17-month sentence.  We also reject Defendant's argument that the court employed a punitive rather than rehabilitative rationale, given the earlier, less restrictive sentences, along with the court's statement imploring Defendant to avail himself of substance abuse treatment during his confinement.

**AFFIRMED.**