**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10230 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00074-LRH |
| v. | |
| RODERICK COLE, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Roderick Cole appeals from the district court's judgment and challenges the 36-month sentence imposed following his guilty-plea convictions for two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cole contends that the district court procedurally erred by imposing an above-Guidelines sentence based on his need for rehabilitation, and by failing to consider and address his mitigating arguments. We review for plain error, *see United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009), and conclude that there is none. The record belies Cole's contention that the district court imposed the sentence in order to promote his rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 334 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison[.]"). Furthermore, the record reflects that the district court considered Cole's arguments and adequately explained the sentence. *See Rita v. United States*, 551 U.S. 338, 357-58 (2007).

Cole also contends that his sentence is substantively unreasonable because the district court allegedly gave excessive weight to his criminal history and the "leniency" of his prior state court sentences. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

16-10230