UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10167 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00619-ROS-1 District of Arizona, Phoenix |
| v. | |
| JOSE ANGEL PEREZ-RODRIGUEZ, AKA Jose Angel Perez Rodriguez, | ORDER |
| Defendant-Appellant. | |

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[*] District Judge.

Defendant-Appellant's petition for panel rehearing is **GRANTED**.  The memorandum disposition filed on December 22, 2017 is withdrawn.  A new memorandum disposition is filed concurrently with this order.  Subsequent petitions for panel rehearing or rehearing en banc may be filed.

---

[*]    The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10167 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00619-ROS-1 |
| v. | |
| JOSE ANGEL PEREZ-RODRIGUEZ, AKA Jose Angel Perez Rodriguez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[**] District Judge.

Jose Angel Perez-Rodriguez appeals his sentence and seeks a remand to the

district court for resentencing. He asserts that the district court committed

procedural plain error in failing to state the applicable Sentencing Guidelines range

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

and failing to adequately address the 18 U.S.C. § 3553(a) factors at sentencing. Mr. Perez also maintains that the district court committed substantive error in applying a four-point enhancement to his sentence based on statements he claims were made in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

At sentencing, Mr. Perez did not assert that the district court failed to state the Guidelines range or consider the § 3553(a) factors. Accordingly, plain error review applies to these points. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) ("When a defendant does not raise an objection to his sentence before the district court, we apply plain error review.").

Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). The defendant "bears the burden of persuading us that his substantial rights were affected." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). "If these three conditions are met, we may then exercise our discretion to grant relief if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008) (quoting *Ameline*, 409 F.3d at 1078).

Even if the district court erred by not expressly stating its Guidelines calculation on the record, Mr. Perez has not established that his substantial rights were affected. To the contrary, the record reflects that the Guidelines range was

2

understood by both parties and the court. For example, at the renewed sentencing hearing, after the remaining disputed Guidelines issue was resolved, the government stated its position on the Guidelines range to which neither the defendant nor the court disagreed.

Mr. Perez next asserts that the district court erred in failing to expressly consider the § 3553(a) factors. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 522 U.S. 38, 49–50 (2007). However, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Although the district court did not expressly address each § 3553(a) factor, its sentencing remarks reflect an adequate consideration of the relevant § 3553(a) factors. Moreover, the district court expressly adopted probation's recommendation which itself expressly considered the § 3553(a) factors. Therefore, Mr. Perez has not shown that the district court committed plain error.

Finally, Mr. Perez contends that the district court erred in applying a four-point enhancement to his sentence because the only evidence to support the

enhancement was obtained in violation of *Miranda*.[1] Specifically, Mr. Perez takes issue with his *Miranda* waiver, asserting that it was not knowing, intelligent, and voluntary. Even assuming that the exclusionary rule applies at sentencing, this argument fails because there was no *Miranda* violation.

Whether a *Miranda* waiver was voluntary "is a mixed question of fact and law, which we review de novo"; whether it "was knowing and intelligent is a question of fact that we review for clear error." *United States v. Amano*, 229 F.3d 801, 803 (9th Cir. 2000). "There is a presumption against waiver, of which the Government bears the burden of overcoming by a preponderance of the evidence." *United States v. Crews*, 502 F.3d 1130, 1139–40 (9th Cir. 2007) (citing *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998)). The government must show that "under the totality of the circumstances, the defendant was aware of the nature of the right being abandoned and the consequences of such abandonment." *Id.* at 1140.

Mr. Perez asserts that his *Miranda* waiver was not voluntary because he was misled by the agents during questioning. But the cases he relies upon in support

---

[1] It is clear that the government had probable cause to arrest Mr. Perez for a firearms purchase violation at the time of the interrogation based on the information the government had received from the persons at Colorado Street; therefore, a remand on this basis is not warranted. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (holding that probable cause exists when "the facts and circumstances within [the officers'] knowledge . . . [are] sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.").

involved coercive pressures that were much more serious than those alleged here. And given Mr. Perez's level of education, we are not persuaded that the agents tricked him into waiving his *Miranda* rights.

Mr. Perez's argument that the officers' statements were misleading also fails to demonstrate that his waiver was not knowing and intelligent. Again, Mr. Perez did not appear to have been actually misled by the information the agents provided to him. At the time of interrogation, Mr. Perez spoke fluent English, was a high school graduate, and was studying criminal justice in English. Mr. Perez did not appear to be confused at the time of questioning and clearly indicated he understood his rights.[2]

Therefore, the district court did not err by relying on Mr. Perez's statements at sentencing.

**AFFIRMED**.

---

[2] Indeed, after the agents read Mr. Perez his *Miranda* rights, he stated "why am I um, listening to uh Miranda rights?" without the agents referring to them as such.