NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LLOYD GAGE, AKA Lloyd Gage, AKA Lloyd L Gage, AKA Lloyd Vonta Gage, AKA Raymond Twine,<br><br>Defendant-Appellant. | No. 17-10453<br><br>D.C. No. 3:12-cr-00276-CRB-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LLOYD GAGE, AKA Lloyd Gage, AKA Lloyd L Gage, AKA Lloyd Vonta Gage, AKA Raymond Twine,<br><br>Defendant-Appellant. | No. 17-10454<br><br>D.C. No. 3:17-cr-00264-CRB-1 |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 17, 2018

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[**] Judge.

Defendant Lloyd Gage appeals his sentence following his conviction for being a felon in possession of a firearm and his violation of supervised release conditions from a previous conviction. Gage alleges that the district court committed several procedural errors during sentencing. We disagree and affirm the sentence.

1.    The district court did not commit plain error by failing to affirmatively state on the record the Sentencing Guidelines range for both Gage's substantive conviction and supervised release conditions violation. The district court must determine the applicable Guidelines range by "consider[ing] the presentence report as well as any objections the parties might have. The court then entertains the parties' arguments regarding an appropriate sentence, including whether the sentence should be within the Guidelines range or not." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342 (2016).

The district court did precisely what the Supreme Court requires it to do. The sentencing hearing began with a confirmation from defense counsel that she had discussed the Presentence Investigation Report (PSR) with Gage. The district

---

[**]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

court then proceeded to discuss Gage's objections to the PSR. After addressing these objections and ultimately finding a four level enhancement appropriate for Gage's substantive offense, the district court heard arguments regarding an appropriate sentence. The record additionally reflects that both parties understood the Guidelines range applicable for a 18 U.S.C. § 922(g) conviction and the implication of a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B).

While the district court did not follow the same procedure for Gage's supervised release conditions violation, it is clear that the court considered the parties' arguments and the Supervised Release Violation Memorandum's (SRVM) suggested Guidelines range. The government clarified that Gage's sentence for violating his supervised release conditions is limited to 22 months under 18 U.S.C. § 3583(e)(3)—a sentence falling in the middle of the Guidelines range. Gage failed to object to the government's representations of the Guidelines range. Additionally, while we do not recognize a presumption of reasonableness for a within-Guidelines sentence, we "abide by the Supreme Court's admonition that 'when the judge's discretionary decision accords with the Commission's view' . . . , it is probable that the sentence is reasonable." *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

Since Gage failed to object at the sentencing hearing, he must show that the district court's failure to state the Sentencing Guidelines calculation affected his

substantial rights and constituted plain error. *Molina-Martinez*, 136 S. Ct. at 1343. Gage has not done so here. Gage's conduct constituted a Grade A violation due to the presence of marijuana and, as such, the SRVM reflected an accurate Sentencing Guidelines range. U.S.S.G. § 7B1.1(a)(1)(ii). Gage's only other objection to the SRVM Guidelines range is a policy argument that does not affect his substantial rights.

2.     The district court provided little reasoning, but articulated sufficient facts to establish a basis for the four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). The court found that Gage "decided with others that they were going to engage in the business of selling marijuana." The nature of the items found in Gage's backpacks—marijuana, plastic baggies, a scale, a calculator, and several items identifying Gage—supports the court's finding of an intent to sell or distribute marijuana by a preponderance of the evidence. Lastly, in Gage's sentencing brief, he admitted that the enhancement likely applied.

3.     There is no indication that the district court improperly considered Gage's substantive offense when determining his supervised release conditions violation sentence. While a district court "may not punish him for the criminal conduct underlying the revocation," *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009) (quoting *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006)), there is no "blanket proposition that a court in no circumstances may consider the

seriousness of the criminal offense underlying the revocation." *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Though convoluted at times, the district court considered Gage's breach of the court's trust and perceived inability to conform his conduct to his supervised release conditions. The court noted that "a specific deterrent" is needed "[i]f a defendant doesn't get the message or just doesn't follow the message." To the extent that the court considered Gage's substantive offense in calculating his violation of supervised release conditions sentence, it was appropriate to recognize that the substantive offense was identical to Gage's previous conviction underpinning the supervised release conditions that Gage violated. *See id.* ("The history of the violator, when combined with the violator's most recent criminal offenses, and particularly when similar to the past transgressions, is indicative of the violator's propensity for recidivism and inability to integrate peacefully into a community.").

4. Finally, the district court did not fail to explain a twelve-month upward variance as there was no variance in Gage's supervised release violation sentence. As discussed above, Gage's offense constituted a Grade A violation due to the presence of marijuana. U.S.S.G. § 7B1.1(a)(1)(ii). While a more robust discussion is preferable, the district court adequately pointed to Gage's failure to follow court-imposed supervised release conditions and his recidivist conduct to explain its

17-10453

middle of the Guidelines range sentence.

**AFFIRMED.**