NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10087 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:14-cr-50011-ROS-1 |
| MICHAEL HARMON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted December 17, 2018**
San Francisco, California

Before: GILMAN,*** PAEZ, and OWENS, Circuit Judges.

Michael Harmon appeals the district court's sentence following revocation

of his supervised release. On appeal, he challenges the district court's eighteen-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

month sentence, twelve-month term of supervised release, and certain conditions of supervised release. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Because Harmon did not raise these objections before the district court, we review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

**1.** Harmon argues that the district court did not adequately justify its upward variance from the four-to-ten-month term of imprisonment recommended by the U.S. Sentencing Guidelines. When a district court imposes a sentence that varies from the recommended Guidelines range, it must have a sufficiently compelling justification that gives due deference to statutory sentencing factors. *United States v. Ressam*, 679 F.3d 1069, 1089–90 (9th Cir. 2012); *see also* 18 U.S.C. §§ 3553, 3583. Redressing a defendant's breach of the court's trust may justify an upward departure from the applicable Guidelines range upon revocation of supervised release. *Hammons*, 558 F.3d at 1104. In this case, the Probation Office recommended an upward variance from the Guidelines range because Harmon had breached the court's trust by repeatedly violating the conditions of his supervised release. The district court did not plainly err by following this recommendation. We affirm the district court's eighteen-month term of imprisonment.

**2.** Harmon also argues that the district court plainly erred by failing to explain adequately its rationale for imposing a twelve-month term of supervised release. A

2

district court must provide an explanation for its sentencing decisions that demonstrates that the court considered the appropriate Guidelines range and sentencing factors; listened to both parties' arguments; and reached a reasoned decision. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). Although "[w]hat constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case," a district court must provide at least a basic explanation for its decision-making. *Id.* The failure to provide such an explanation constitutes a plain error so serious that we may infer that the error has affected the defendant's substantial rights as well as the public reputation of judicial proceedings. *Hammons*, 558 F.3d at 1104–05; *United States v. Waknine*, 543 F.3d 546, 554–55 (9th Cir. 2008).

Here, the Probation Office did not recommend a term of supervised release, and a probation officer reaffirmed the absence of such a recommendation at Harmon's sentencing hearing. The government requested only an eighteen-month term of imprisonment and took no position on whether a term of supervised release should be imposed. Harmon asked that no term of supervised release be imposed so that he could move closer to his family upon release from prison. In response, the district court simply stated, "I have thought a lot about this," and imposed a twelve-month term of supervised release. The district court's statement does not provide sufficient insight into its decision-making to permit meaningful appellate

review. Particularly because Harmon presented a non-frivolous argument against imposing a term of supervised release, the district court had a duty to explain its reasoning with reference to relevant statutory sentencing factors. *See Carty*, 520 F.3d at 992–93; *see also* 18 U.S.C. §§ 3553, 3583. The failure to do so constitutes plain error, and the flagrant nature of this error supports the inference that Harmon's substantial rights were affected. *See Hammons*, 558 F.3d at 1104–05; *Waknine*, 543 F.3d at 554–55. Because such a departure from standard sentencing procedures affects the public reputation of judicial proceedings, we exercise our discretion to grant relief. *See Hammons*, 558 F.2d at 1105. Accordingly, we vacate the district court's twelve-month term of supervised release and remand for resentencing on supervised release.[1]

**3.**     Because we vacate the term of supervised release, we need not address Harmon's objections to certain conditions of supervised release. Upon remand, if a term of supervised release is re-imposed, Harmon may raise his objections with the district court, which can address them in the first instance.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

---

[1] Harmon also argues that the district court's imposition of a twelve-month term of supervised release was unreasonable. Because the district court provided no explanation for its imposition of supervised release, we cannot evaluate whether the decision was reasonable.