**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50077 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00307-BEN-1 |
| v. | |
| MARK ACHIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted January 11, 2019
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ROBRENO,** District
Judge.

Mark Achin appeals the revocation of his supervised release and imposition

of additional custody with subsequent supervision. We have jurisdiction pursuant

to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We strike Standard Condition 4 from

the judgment but otherwise affirm the district court's sentence.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Because Achin failed to raise his arguments before the district court, plain error review applies. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

First, Achin contends that the district court violated his due process rights by failing to provide him with a specific opportunity to be heard on whether modification or extension (rather than revocation) of supervised release was warranted and by failing to consider independently all three options.

The record indicates that after announcing its tentative sentence, the district court gave Achin and his counsel the opportunity to challenge the sentence, present mitigating evidence, and persuade the court to impose a different sentence. Both Achin and his counsel took this opportunity and argued for modification of supervised release rather than revocation. Moreover, given that (1) the revocation petition provided that the district court could modify, extend, or revoke supervised release, and (2) Achin and his counsel both argued for modification, it is clear that the court understood that it could continue Achin on supervision, but instead elected to revoke supervised release. As a result, we conclude that the district court did not plainly err and, instead, provided Achin with all of the due process required by *Morrissey v. Brewer*, 408 U.S. 471 (1972).

Second, Achin contends that, in setting his custodial sentence, the district court plainly erred by impermissibly considering: (1) rehabilitation as a basis for

2

elevating the custodial sentence;[1] and (2) the need to punish the underlying offense or to promote respect for the law.[2] Additionally, Achin asserts that the district court erred in failing to explain the increase to an eighteen-month custodial sentence from the Guidelines recommendation of four to ten months. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (*en banc*).

The record shows that the district court sentenced Achin to eighteen months of incarceration based on its legitimate desire to deter repeat violations of supervised release and to punish the current violations. Although the district court announced the prison sentence immediately after discussing Achin's drug abuse, it is apparent from the hearing transcript that the court's concerns regarding substance abuse treatment were targeted at the term of supervised release rather than the term of incarceration. There is no suggestion in the record that the district court extended Achin's custodial sentence to accommodate rehabilitation. Similarly, the record does not suggest that the district court was attempting to punish Achin for any underlying violations of the law rather than for his immediate and flagrant violations of the terms of his supervised release.

Contrary to Achin's argument, the district court provided reasons for varying upwards from the custodial sentence recommended by the Guidelines, including

---

[1]     *See Tapia v. United States*, 564 U.S. 319, 332 (2011).

[2]     *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006).

3

that: (1) the prior identical term did not deter Achin; (2) Achin repeatedly flouted the court's rules and breached its trust; and (3) Achin was cavalier to the obligations the court imposed to address substance abuse. An adequate explanation for a sentence "may also be inferred from the PSR or the record as a whole." *Id.* Here, the revocation petition contains an additional reason for the upward variance: quoting Sentencing Guideline § 7Bl.4, Application Note 4, the revocation petition provides that because "the original sentence was the result of a downward departure . . . an upward departure may be warranted." These reasons are sufficient to permit judicial review. *Id.*; *see also* 18 U.S.C. § 3553(c). Because the district court provided adequate explanation for Achin's custodial sentence, we conclude that it did not commit plain error.

Third, Achin argues that in setting his period of supervised release, the district court plainly erred by varying upwards to five years from the Guidelines recommendation of three years without calculating or stating the Guidelines recommendation on the record or explaining the need for the increase. We acknowledge that the district court did not mention what Achin contends is the Guidelines recommendation for the length of supervision,[3] nor did it explicitly explain why five years, rather than three, was appropriate. Ideally, the district court

---

[3]    At the sentencing hearing, the district court stated only that the maximum term of supervised release was life. The original pre-sentence investigation report appears to be the only relevant document providing that the Guidelines recommendation is three years.

should have clearly documented its reasons for the variance on the record. *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009). However, unlike in *Hammons*, a reading of the sentencing hearing transcript, and the record as a whole, provides sufficient explanation for the court's decision to increase the term of supervised release such that the decision is reviewable. *Carty*, 520 F.3d at 992. The record indicates that the district court considered, for example: (1) Achin's history of recidivism; (2) his inability to control his substance abuse; (3) his exceptionally poor adjustment to supervision (including immediately violating the terms upon release); and (4) the fact that the previous sentence imposed (which included three years of supervised release) was ineffective. The record also indicates that the district court considered but rejected a three-year term of supervised release as that was the recommendation espoused by the probation officer. Lastly, the district court explained that it would consider reducing the term of supervised release if Achin performed well, providing Achin with an incentive for compliance. This statement illuminates an additional reason why the court concluded that the increased supervision period was warranted. Given the sufficiency of reasons supporting the district court's imposition of five years of supervised release, we conclude that the district court did not commit plain error.

Finally, both parties agree that Standard Condition 4 in the judgment, that Achin support his dependents and meet other family responsibilities, should be

stricken. We agree. Achin has no dependents, and the phrase "other family responsibilities" has been found to be unconstitutionally vague and was subsequently removed from the Sentencing Guidelines. *United States v. Evans*, 883 F.3d 1154, 1162-63 (9th Cir. 2018). Therefore, we strike Standard Condition 4 from the judgment.

**Standard Condition 4 is STRICKEN from the judgment, and as modified, the judgment is AFFIRMED.**