**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE LEROME SMITH,

Defendant-Appellant.

No.   21-50120

D.C. Nos.
3:11-cr-00471-BEN-1
3:11-cr-00471-BEN

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 16, 2022[**]
Pasadena, California

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and NAVARRO,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

Defendant Maurice Lerome Smith (Smith) seeks review of the district court's decision denying Smith's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Smith argues that denial of his motion should be reversed and remanded because the district court's order and the underlying record do not allow for meaningful appellate review of the court's decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We "review de novo whether the district court provided an adequate statement of reasons for the sentence it imposed." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (citation omitted). We review decisions under § 3582(c)(1) for abuse of discretion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). A district court abuses its discretion "if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (citation omitted).

A district court's decision should "permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). While a court's explanation is "most helpful" when it comes "from the bench," an "adequate explanation in some cases may also be inferred from the . . . record as a whole." *Id.* What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case. *See id.*

The district court's explanation, while admittedly cursory, is adequate in light of the lack of complexity of this case and the context provided by the record as a whole, particularly by the fact that the district court judge is the same judge who sentenced Smith. During the sentencing hearing, the district court judge considered the § 3553(a) factors, and provided reasoned conclusions for imposing the sentence. We also note that Smith received a lengthy 360-month sentence for serious crimes, and has only served approximately one-third of the sentence. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (crediting the district court's determination that defendant had "55 months remaining on a lengthy 137-month sentence") (internal quotation marks omitted). The district court's order conveyed concern with Smith's serious offenses, as well as the length of his sentence, by recounting those facts in its order denying compassionate release, concluding that Smith continued to "pose a significant danger to the community." But the order failed to explicitly address the basis for the motion, Smith's fear of contracting COVID.

We caution the district court that the cursory explanation in this case comes perilously close to being inadequate. For future motions for compassionate release, the court should provide a more fulsome explanation for its decision. A defendant seeking re-sentencing deserves as much. In this case, no remand is

3

required.  In a closer case, the district court's explanation would likely not pass muster.

**AFFIRMED.**