NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50097 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-01456-LAB-1 |
| v. | |
| NATHANIEL MITCHELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 4, 2023**
Pasadena, California

Before:  BEA, M. SMITH, and VANDYKE, Circuit Judges.

Nathaniel Mitchell pleaded guilty to two counts of possession of ammunition

as a felon in violation of 18 U.S.C. § 922(g)(1).  After the district court declined to

follow the sentencing recommendations in the plea agreement, Mitchell appealed,

arguing that the district court legally erred by "reject[ing] any consideration of" his

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

appeal waiver and "categorically holding that injuries that are the natural consequences of the defendant's own conduct cannot be considered" in sentencing. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

In January 2021, less than three months after Mitchell was released from prison following a 2013 conviction for possession of a firearm with a removed serial number and possession of a firearm in a school zone, police officers found him intoxicated and unresponsive in the driver's seat of a car at an intersection. While reaching into the car to shift it into park, an officer saw a gun between Mitchell's feet. The officer shook Mitchell awake, and though Mitchell initially unbuckled his seatbelt as though he would exit the vehicle as the officers requested, he then drove off at a high speed. Mitchell threw the gun out the window as he fled, where it was later found a block from the accident site, loaded. He then crashed into a parked car, causing his car to roll multiple times, hit a pole, and eject him from the driver's seat, through the windshield, and onto the road. Mitchell was extensively injured in the crash and continues to suffer chronic pain.

In exchange for his guilty plea, the government agreed to recommend a 1-level downward departure under USSG § 5K2.0 for Mitchell's appeal waiver and expeditious resolution, and a 4-level downward variance "due to the injuries he sustained during the commission of the instant offense as well as his incarceration

2

with these injuries during the … pandemic." Mitchell agreed to waive his right to appeal, but only if he was sentenced to not more than 51 months, and not for ineffective assistance of counsel claims. The plea agreement also contained an express provision noting that it was made pursuant to Rule 11(c)(1)(B), and that therefore sentencing was ultimately within the discretion of the sentencing judge.

The district court conducted an extensive sentencing hearing, during which it repeatedly questioned the leniency of the plea agreement's sentencing recommendation. Specifically, it took issue with defense counsel's suggestion that Mitchell's injuries were "significant punishment" in their own right, explaining that while it was "sympathetic to" Mitchell, "[t]he bottom line is [that] he did this to himself." The court also disagreed that the appellate waiver pointed in favor of a lower sentence, explaining that the generous provision applied only if the court "imposes a sentence that is less than the low end of the guidelines" and therefore "has no effect on what the exposure is." Therefore, several times throughout the hearing, the district court stated that it "reject[s] the plea agreement." Ultimately, the district court declined to apply the recommended variance or departure and imposed a sentence of 87 months.

Mitchell argues that the district court "refused to consider" his extensive injuries and his waiver of appellate review in fashioning a sentence. Assuming arguendo that Mitchell's arguments were properly preserved below, this court

reviews de novo whether the district court provided adequate reasons for a sentence. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

A district court is to consider several factors "in determining the particular sentence to be imposed."  18 U.S.C. § 3553.  But "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them," *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008), and "[t]he weight to be given the various factors in a particular case is for the discretion of the district court," *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).  Here, the district court specifically noted that it reviewed the presentence report, the plea agreement, and the parties' memorandums, which addressed the appellate waiver and Mitchell's injuries.

Mitchell argues that because the district court used the word "reject" and the phrase "reject out of hand," it categorically excluded both the appellate waiver and Mitchell's injuries from his consideration.  But the transcript of the extensive sentencing hearing evinces that the district court indeed discussed both at length—it just concluded they were due very little weight in the sentencing analysis.  And Mitchell agrees that, because he signed a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(B), "the entirety of the plea agreement cannot be rejected by the district court."  He even concedes that the district court "kn[ew] it cannot 'reject' a Type-B plea agreement."  Thus, the better reading of the district

4

court's language in context is that it was not rejecting the agreement per se (something it knew it had no power to do) but rather was rejecting the agreement's recommendation for a lower sentence.

In sum, the district court simply "rejected" the parties' extremely lenient sentencing recommendations and weighed Mitchell's injuries and appellate waiver differently than the parties did. It did not decline to consider any relevant factors under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.

**AFFIRMED.**